# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 19-01073-DSF (DFM) | Date: | March 12, 2019 |
|---|---|---|---|
| Title | Hector M. Ramirez v. Los Angeles County | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order to Show Cause

    On February 12, 2019, Hector M. Ramirez ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody. See Dkt. 1 ("Petition"). Petitioner asks the Court to deem illegal his 1998 sentence for robbery, which became relevant in light of Petitioner's September 2017 state court conviction for violating California Vehicle Code § 2001(b)(2), vehicular hit and run causing death or permanent serious injury to a person. See Superior Court of California, County of Los Angeles, Court Case Information, http://www.lacourts.org/criminalcasesummary/ui/selection.aspx (No. BA451103). Petitioner appealed the recent conviction to the to the California Court of Appeal in March 2018; the case is fully briefed but has not yet been ruled on. See California Courts, Appellate Cts. Case Information, http://appellatecases.courtsinfo.ca.gov (No. B289077).

    To the extent Petitioner is challenging his 1998 sentence, the Petition appears time-barred. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a federal petition filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). Petitioner did not file the instant action until more than twenty years after his sentence, far too late. From the face of the Petition, it does not appear that Petitioner is entitled to a later trigger date under 28 U.S.C. § 2244(d)(1)(B), (C), or (D), or statutory or equitable tolling.

    Petitioner's more recent conviction may suffer from a different problem, failure to exhaust. Under AEPDA, habeas relief may not be granted unless a petitioner has exhausted his remedies in state court. See id. § 2254(b). Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and

disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). Here, Petitioner's claims related to his 2017 conviction are still in front of the California Court of Appeal and have not yet been ruled on by the California Supreme Court. The Petition is accordingly subject to dismissal. See Coleman v. Thompson, 501 U.S. 722, 731 (1991).

In Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016), the Ninth Circuit held that a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under Rhines v. Weber, 544 U.S. 269 (2005). To obtain a Rhines stay, a petitioner must show: (1) good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that he has not engaged in "abusive litigation tactics or intentional delay." 554 U.S. at 277-78. "Good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014).

The Court is skeptical that Petitioner can meet the Rhines requirements, especially given his claim as presented appears to challenge the application of state sentencing laws, which do not give rise to a federal question cognizable on federal habeas review. See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). Nevertheless, in light of Mena, the Court will give Petitioner an opportunity to move for a Rhines stay.

IT THEREFORE IS ORDERED that within twenty-eight (28) days of the date of this order, Petitioner do one of the following:

(1) if Petitioner is challenging his 1998 sentence, show cause in writing why this action should not be dismissed with prejudice because it is time-barred;
(2) if Petitioner is challenging his 2017 conviction, file a formal stay-and-abey motion if he believes he can make the required showing under Rhines; or
(3) request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time-barred under 28 U.S.C. § 2244(d)(1).

Petitioner is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.